## Devine *v.* Philadelphia Rapid Transit Co., Appellant.

*Negligence—Trials—Charge of court—Misleading instructions—New trial.*

In the trial of an action of trespass for personal injuries, the plaintiff proved that, because of the accident, she had been prevented from working for a period of five weeks; that she had then returned to her employment at the same salary; and that some months later, her wages were reduced for reasons which the plaintiff testified were unknown to her.

In such case, it was error for the Court to charge in response to request from counsel for the plaintiff, on the loss of earnings: "The jury heard the testimony of the plaintiff on that, as to what she did get and what she was getting and why she got a reduced amount. The jury will remember just what she said."

Such instructions were misleading and permitted the jury to attribute the reduction in wages to the accident which was not in accordance with the evidence.

No instruction on present worth are necessary, when no compensation is claimed for any period after trial.

Argued October 27, 1926. Appeal No. 254, October T., 1926, by defendant from judgment of M. C. Philadelphia County, February T., 1924, No. 372, in the case of Margaret Devine and Nicholas Devine v. Phila-

delphia Rapid Transit Company. Before PORTER, P.
J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and
CUNNINGHAM, JJ. Reversed.

Trespass for personal injuries. Before WALSH, J.
The facts are stated in the opinion of the Superior
Court.

Verdict for plaintiff in the sum of $1,400 and judg-
ment thereon. Defendant appealed.

*Errors assigned* were various rulings on evidence
and the charge of the Court.

*Charles J. Biddle,* for appellant.

*James F. Masterson,* for appellee.

OPINION BY LINN, J., March 3, 1927:

Plaintiff, a passenger, was injured; liability was
conceded; at the trial the only question was the
amount payable. She was injured November 10th,
1923, remained away from her employment five weeks,
returned to it and received the same wages, $20 a
week, she had received before and continued to re-
ceive those wages until July 1924, when they were re-
duced to $18 a week. There is no evidence why they
were reduced, she herself testified she did not know.
In instructing the jury, the court said nothing con-
cerning loss of earnings or impaired earning power,
merely stating,—and it was sufficient—that as she had
lost five weeks' wages, she was entitled to $100 for
that item. The jury was also instructed to include the
medical expenses shown by the evidence to have been
incurred, and compensation for pain and suffering.
A fair reading of the charge leads to the conclusion
that the jury was not instructed to award anything
for future pain and suffering, or impaired earning
power.

This would seem to be in accord with the record and with the view of plaintiff's counsel, who in his brief says: "The testimony of plaintiff herself indicated very clearly that she was not seeking to recover for the reduction in wages since she very frankly stated that she did not know why her wages were reduced".

At the conclusion of the charge, however, counsel for plaintiff said: "I would ask your honor to charge on the loss of earnings as the result of the impaired earning power". The court replied, "The jury heard the testimony of the plaintiff on that, as to what she did get and what she was getting and why she got a reduced amount. The jury will remember just what she said". Counsel for defendant then said that he had been on the point of asking the court to charge that the jury could not take that reduction of wages into consideration, and accordingly excepted to the supplementary instruction given. The court replied, "I am not charging on that, I have told the jury it is for them to remember what she said". If we understand what the court meant, the instruction justified the jury in attributing the reduction in wages to the accident; and it was not in accordance with the evidence to state that the jury heard "why she got a reduced amount," for she testified that she did not know why. The instruction was so misleading as to require us to sustain the 12th assignment of error raising the point.

As the case goes back for a new trial, it is not necessary to discuss other assignment stressed in appellant's brief, because the questions may not arise again, though we may say that no instruction on present worth is necessary when no compensation is claimed for any period after trial: McCaffrey v. Schwartz, 285 Pa. 561.

Judgment reversed and new trial awarded.